Stanley BURKE, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 16611.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1960.

Dermot R. Long, Los Angeles, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS and HAMLIN, Circuit Judges, and POWELL, District Judge.

POWELL, District Judge.

This is a review of a decision of the Tax Court of the United States pursuant to 26 U.S.C.A. § 7482. In its decision, 32 T.C. 775, the Tax Court upheld the commissioner's disallowance of a claimed abandonment loss in the year of 1950.

In 1950 petitioner Burke was a resident of North Sacramento, California. He filed his return reporting his income in accordance with the cash receipts and disbursements method.

In early 1946 Burke was approached by parties who desired that he invest money in the construction of a luxury hotel at Las Vegas, Nevada. He was requested to advance money to exercise an option and in return receive stock in the Nevada Desert Inn Corporation which had been organized to construct the hotel. The option for the purchase of the real property selected for the hotel site was about to expire. Burke arrang-

ed to take an assignment of the option, acquired title in March 1946 and agreed to permit the original option holder to repurchase from him within six months.

Burke commenced construction of the hotel which proceeded through the spring and summer of 1946. By August the concrete foundations were in as well as some of the wooden framework for the dormitory. A total of $26,422.50 was expended on plans and construction.

The original option holder filed suit in Nevada in May 1946 against the petitioner Burke seeking to have the property declared to be held in trust. Petitioner did not stop construction at once. The first case was dismissed in July of 1946 and in August an appeal was filed. Then petitioner suspended construction of the hotel and it was never resumed. The appeal of the first case was dismissed in October, 1947.

In the spring of 1950 the taxpayer told his contractor that further construction would have to be abandoned. At that time there was pending in Nevada a suit on the same issues as those involved in the first suit. It was dismissed on November 16, 1950. In April 1949 the minority stockholders of the Nevada Desert Inn Corporation filed suit in California against that corporation and the taxpayer, alleging fraud and mismanagement. While the suit did not attack the title to the Nevada property it demanded damages of $1,000,000. Taxpayer was the only defendant served. This case was pending December 31, 1950.

In the fall of 1950 petitioner asked his accountant to gather the data to make claim for a deduction of a casualty loss because of abandonment of the hotel construction project. The total claimed deduction was $29,544.91. Petitioner concedes that $4,330.61 of that sum, which represents attorneys' fees and costs, is properly a part of the cost of the property and not to be included in the loss item claimed. A recovery for salvage further reduced the claim. The deduction in issue is $25,214.30, which was designated a claimed casualty loss but has been treated throughout the proceedings as a claimed abandonment loss under the appropriate 1939 Internal Revenue Code and regulations.[1]

On December 31, 1950, the title to the real property was in the name of petitioner. He claims that the improvements on it were abandoned during that year. In support of that claim he points to the then pending litigation, to his notice to the construction company that the work was abandoned, that he and his attorney had determined not to proceed with the work and that his accountant had made claim for the abandonment loss and conferred with the deputy collector of Internal Revenue to determine the method of making the claim.

The question of the year in which an abandonment loss is sustained is to be determined as one of fact. The Tax Court had the entire record and testimony before it and decided there was no abandonment by the taxpayer Burke in the year of 1950. We do not

---

1. "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions: * * *

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— * * *

"(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. * * *" 26 U.S.C.A. § 23.

Treasury Regulations 111 under the Internal Revenue Code of 1939:

Sec. 29.23(e)–3. Loss of Useful Value —When, through some change in business conditions, the usefulness in the

business of some or all of the assets is suddenly terminated, so that the taxpayer discontinues the business or discards such assets permanently from use in such business, he may claim as a loss for the year in which he takes such action the difference between the basis * * * and the salvage value of the property. * * * The exception (to the general rule, requiring a sale or other disposition of the property in order to establish loss thereon) applies to buildings only when they are permanently abandoned or permanently devoted to a radically different use, and to machinery only when its use as such is permanently abandoned. * * *"

find from the examination of the entire record that determination to be clearly erroneous.

"The Tax Court is a trier of fact. * * * Such factual determinations by the Tax Court will not be disturbed on appeal unless they are found to be 'clearly erroneous.'" Spiesman v. Commissioner of Internal Revenue, 9 Cir., 260 F.2d 940, 948. Holtz v. C. I. R., 9 Cir., 256 F. 2d 865, 870; Wener v. C. I. R., 9 Cir., 242 F.2d 938, 946; Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A.

The Tax Court in its decision relied on the following cases:

Commissioner of Internal Revenue v. McCarthy, 7 Cir., 129 F.2d 84; Talache Mines v. United States, 9 Cir., 218 F.2d 491, certiorari denied 350 U.S. 824, 76 S.Ct. 51, 100 L.Ed. 736; Beus v. C. I. R., 9 Cir., 261 F.2d 176.

The cases illustrate the wide variation in fact situations that will lead to a claimed tax loss due to abandonment. Each case must be decided upon its own particular facts. We are not called upon to say what determination would have been made if this Court had passed on and determined the fact question in the first instance. We are limited to a review of the Tax Court's decision of the fact question and, since we find it is not clearly erroneous, must sustain it.

Judgment is affirmed.

CHAMBERS, Circuit Judge (concurring).

I concur. It is my belief that rarely, if ever, can a taxpayer, especially when real property is involved, place himself beyond an open question of fact on the issue of abandonment, and the time thereof, without destruction or detachment of the improvement. I do not understand how one abandons the title to an improvement to realty by his subjective decision to do so, even though he may advise his attorney and his accountant that he intends to do it.