TANFORAN CO., Inc., Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 26921.

United States Court of Appeals,
Ninth Circuit.

June 13, 1972.

Gordon Gilman (argued), Grant W. Wiprud, Meyer Rothwacks, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., James Browning, Jr., U. S. Atty., John M. Youngquist, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellant.

Edward W. Rosston (argued), Julian N. Stern, Jerry H. Robinson, of Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiff-appellee.

Before ELY, TRASK, and CHOY, Circuit Judges.

PER CURIAM:

The Government appeals from the District Court's determination that Tanforan was entitled to certain tax deductions in 1963. Finding no error, we affirm.

Until 1964, Tanforan operated a race horse track in northern California. Toward the end of 1963, the directors of Tanforan concluded, for various reasons, that the company's interests could best be served by closing the track it owned and leasing newer facilities at other tracks in the same area. Therefore, after the close of the 1963 racing season, the directors took steps to (1) abandon the track Tanforan then owned, (2) secure leases upon other race tracks, and (3) obtain state approval for Tanforan to operate the rented facilities. Although they made substantial progress toward their goal in 1963, it was not until early 1964 that all of the necessary arrangements were completed.

Because of that overlap, into 1964, the Revenue Service assessed a deficiency against Tanforan, contending that it could not deduct, in 1963, the entire un-

depreciated cost of its race track assets. Tanforan paid the assessment and then instituted its suit in the court below, arguing that the events which occurred in 1963 were legally sufficient to entitle it to the disputed deduction. The District Court, agreeing with Tanforan, held the cost to be fully deductible on three alternative factual grounds: (1) the facilities were obsolete in 1963, (2) Tanforan permanently retired the facilities from its business in 1963, and (3) the track was abandoned in 1963 and Tanforan had no intention of retrieving its value by sale or otherwise. Tanforan Co., Inc. v. United States, 313 F.Supp. 796, 800–04 (N.D.Cal.1970).

■ Our court has previously held that, in cases such as this, the critical issue is a factual one. Burke v. Comm'r, 283 F.2d 487 (9th Cir. 1960). Thus, we cannot overturn the decision of the District Court unless its conclusions on all three of its alternative holdings are clearly erroneous. After reviewing the relevant portions of the record, we have concluded that the District Court's critical determinations are not without substantial evidentiary support.

Affirmed.